UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| DOLAN TECHNOLOGIES CORPORATION, d.b.a. COMPDATA SURVEYS,<br><br>Plaintiff,<br><br>v.<br><br>SOCIETY FOR HUMAN RESOURCE MANAGEMENT,<br><br>Defendant. | No. 09-CV-2201 EFM/DWB<br><br>**JURY TRIAL DEMANDED** |

## VERIFIED COMPLAINT FOR INJUNCTIVE, DAMAGES AND OTHER RELIEF

Plaintiff, DOLAN TECHNOLOGIES CORPORATION d.b.a COMPDATA SURVEYS, (hereinafter "Compdata Surveys"), by its attorneys, Sonnenschein, Nath & Rosenthal, LLP, complains against Defendant SOCIETY FOR HUMAN RESOURCE MANAGEMENT (hereinafter referred to as "Defendant" and/or "SHRM"), as follows:

1. Plaintiff Compdata Surveys is the owner of the marks: (i) COMPDATA SURVEYS (U.S. Trademark Reg. No. 2,572,894) and (ii) COMPENSATION DATA (common law and pending U.S. Trademark App. Ser. No. 77/712,313). Plaintiff brings this action for infringement of its trademarks, false designation of origin and false representation, and unfair competition arising under the Lanham Act, Title 15 of the United States Code, Sections 1114(1)(a), 1116, 1117, 1118, 1125(a), and at common law against Defendant SHRM by virtue of Defendant's infringing use of the identical and confusingly similar designation "COMPENSATION DATA".

### The Parties

2. Plaintiff Compdata Surveys is an Indiana corporation, having its principal place of business at 1713 East 123rd Street, Olathe, Kansas 66061. Plaintiff Compdata Surveys provides

human resources information, reports and services. Among other things, Plaintiff collects, maintains and prepares information and reports regarding thousands of organizations annually on current comparative employee pay and benefits.

3. On information and belief, Defendant SHRM is an Ohio not-for-profit membership corporation, having its principal place of business at 1800 Duke Street, Alexandria, Virginia 22314 and multiple local chapters in Kansas. On information and belief and according to its website, Defendant SHRM is the world's largest association devoted to human resource management, and provides information, publications, and services (including training and seminars) relating to benefits, consulting, and employee compensation (among other things).

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §§1331, 1338(a) and 1367. Defendant SHRM is subject to the personal jurisdiction of this Court under Fed. R. Civ. P. 4 and K.S.A. 60-308 in that Defendant transacts business in the State of Kansas, Defendant has committed tortious acts within the State of Kansas, Defendant has other contacts with the State of Kansas, and causes of action alleged herein arise out of Defendant's contacts. Further, Defendant is subject to this Court's general jurisdiction.

5. Venue is proper in this Federal judicial district under 28 U.S.C. §1391(b) and (c), in that Defendant actively does business in this District and a substantial part of the events giving rise to the claims asserted herein occurred in this District.

## Facts

**Plaintiff's Marks**

6. Plaintiff Compdata Surveys, since at least as early as May 1, 1992, has used and is presently using the mark COMPDATA SURVEYS in interstate commerce in the United States

for the services of conducting business research surveys and analysis related to employee compensation, and related to geographic specific and industry specific employee compensation information for various jobs, among other goods and services. Representative samples of Plaintiff's use of its COMPDATA SURVEYS mark in advertising materials are attached as **Exhibit A**.

7.      Plaintiff's COMPDATA SURVEYS mark is federally registered as U.S. Reg. No. 2,572,894, issued May 28, 2002. The registration has become and is incontestable pursuant to Section 15 of the *Lanham Act*. A copy of the Certificate of Registration is attached as **Exhibit B**.

8.      Plaintiff Compdata Surveys, since at least as early as June 1995, has used and is presently using the mark COMPENSATION DATA in interstate commerce in the United States for, among other things, business and market research surveys and reports, used in analyzing compensation information for various industries, geographic areas and jobs at the executive, managerial, professional and administrative levels, including single position reports. Plaintiff has since at least as early as 1995 provided annual publications under the mark COMPENSATION DATA. Plaintiff's COMPENSATION DATA mark is known to the relevant consumer and trade and has through Plaintiff's efforts and substantial expenditures acquired meaning to the relevant consumers and trade as a source indicator of Plaintiff's goods and services. Representative samples of Plaintiff's use of its COMPENSATION DATA mark, including its publications, are attached as **Exhibit C**.

9.      Plaintiff Compdata Surveys's website is located at URLs <www.compdatasurveys.com>, <www.compdata.com>, and <www.compdatajobs.com>. Plaintiff reserved the first referenced domain name at least as early as January 17, 2003, purchased the second on February 24, 2009, and reserved the third at least as early as September

24, 1999. Plaintiff and its personnel and employees regularly use the domain name [user name]@compdatasurveys.com in transacting business, providing goods and services, and communicating with Plaintiff's customers. Representative portions of Plaintiff's website are attached as **Exhibit D**.

10.   Plaintiff Compdata Surveys has on numerous occasions during the timeframe 1999-2008 used its COMPENSATION DATA and COMPDATA SURVEYS marks in advertisements in Defendant's publications, advertisements on Defendant's website, and exhibitions at Defendant's conferences and seminars. Defendant also references Plaintiff and its COMPENSATION DATA products and services in Defendant's website and online articles.

11.   Plaintiff has regularly used and continues to use various other slogans and marks in connection with offering and promotion of the aforementioned goods and services, including, for example, "COMPREHENSIVE DATA AT AFFORDABLE PRICES", and "COMPREHENSIVE SOLUTIONS. AFFORDABLE RESULTS".

**Defendant's Infringing Activities**

12.   In June 2006, Plaintiff and Defendant had a meeting at Defendant's office during which Plaintiff presented to Defendant a proposal to be Defendant's vendor of choice on a new human resources project offering Plaintiff's goods, services and reports to Defendant's members at a reduced cost. In connection with the presentation, Plaintiff proposed to use its COMPENSATION DATA and COMPDATA SURVEYS marks in connection with the provision of various goods and services. Defendant rejected Plaintiff's proposal and, upon information and belief, selected another vendor, Watson Wyatt, for the project. Watson Wyatt is a direct competitor of Plaintiff Compdata Surveys.

13.   Upon information and belief, beginning on or around February 2009, Defendant launched a new "COMPENSATION DATA CENTER" at its website www.shrm.org.

Defendant's "COMPENSATION DATA CENTER" provides, among other things, online compensation reports for various job positions. **See Exhibit E.** Defendant's COMPENSATION DATA CENTER also uses the slogan or tagline "Comprehensive and Affordable Data for All Your Business Needs". **Id.**

14.     Defendant's COMPENSATION DATA CENTER allows web users to purchase "online compensation reports and single position reports" by clicking an electronic button that reads "Purchase Compensation Data". **Id.**

15.     Defendant has promoted and is currently promoting its COMPENSATION DATA CENTER site by emailing customers and prospective customers from email addresses <compdata@shrm.org> and <compensationdata@shrm.org>. **See Exhibit F.** Defendant's emails include text stating "Go to compensation data to order your single position report". **Id.**

16.     Upon information and belief, in choosing the designations COMPENSATION DATA in connection with the marketing and sale of compensation reports, and in using the email addresses <compdata@shrm.org> and <compensationdata@shrm.org> to solicit customers, Defendant SHRM is attempting to benefit from the reputation and goodwill among consumers and the trade associated with Plaintiff's COMPDATA SURVEYS and COMPENSATION DATA marks.

17.     By reason of Defendant's acts, Plaintiff has been seriously and irreparably damaged, and, unless Defendant is restrained, Plaintiff will continue to be so damaged.

## COUNT I

### Infringement of Plaintiff's Registered COMPDATA SURVEYS Mark In Violation of § 32(1) of the Lanham Act, 15 U.S.C. §1114(1)

18. Plaintiff Compdata Surveys repeats and realleges each and every allegation of paragraphs 1 through 18 hereof with the same force and effect as if set forth fully herein.

19. Defendant's use of the designation COMPDATA in the conduct of its business has caused confusion, and is likely to continue to cause confusion, as to the source or origin of Plaintiff's goods and services under its federally registered service mark COMPDATA SURVEYS.

20. By reason of Defendant's acts set forth above, Plaintiff is being irreparably injured and has no adequate remedy at law. Defendant's past and continued use in commerce of the Designation COMPDATA constitutes infringement of Plaintiff's registered service mark COMPDATA SURVEYS, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

21. Plaintiff Compdata Surveys is entitled to recover from Defendant SHRM all damages that Plaintiff has sustained and will sustain, in addition to all gains, profits and advantages obtained by Defendant SHRM as a result of its infringing acts alleged above, in an amount not yet determined, pursuant to Section 35 of the Lanham act, §15 U.S.C. §1117.

## COUNT II

### Unfair Competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)

22. Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 18 hereof.

23. Defendant's use of the designations COMPDATA and COMPENSATION DATA in the conduct of its business is calculated to, has caused, and is likely to continue to cause confusion and deception. The public and the trade is likely to believe that Defendant's and/or its

business partner's goods services are licensed, sponsored, authorized, approved or are in some other way associated or connected with Plaintiff's business conducted under the marks COMPDATA SURVEYS and/or COMPENSATION DATA.

24.  Defendant has deliberately and willfully attempted to mislead the public and the trade into believing that Defendant's and/or its business partners services are sponsored, authorized, or approved by or are in some other way associated with Plaintiff.

25.  Defendant, by reason of its acts set forth above, has made and will continue to make profits to which it is not in equity or in good conscience entitled.

26.  By reason of Defendant's acts set forth above, Plaintiff is being irreparably injured and has no adequate remedy at law. Defendant's acts set forth above constitute a false association and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

27.  By reason of Defendant's intentional and willful infringement of Plaintiff's COMPDATA SURVEYS and COMPENSATION DATA marks, Plaintiff Compdata Surveys has been and will continue to be irreparably harmed unless Defendant SHRM is preliminarily and permanently enjoined from its unlawful conduct.

28.  Plaintiff Compdata Surveys is entitled to recover from Defendant SHRM all damages that it has sustained and will sustain, and all gains, profits and advantage obtained by Defendant SHRM as a result of its infringing acts alleged above, in an amount not yet determined.

### COUNT III
### Common Law Trademark Infringement

29.  Plaintiff Compdata Surveys repeats and realleges each and every allegation of paragraphs 1 through 18 hereof with the same force and effect as if set forth fully herein.

30. This action is for trademark infringement against Defendant based on its promotion, advertisement, distribution, sale and/or offering for sale goods or services bearing designations which are identical or virtually identical to Plaintiff's COMPDATA SURVEYS and COMPENSATION DATA marks in violation of Plaintiff's common law trademark rights.

31. Defendant's infringing activities are likely to cause confusion and actually are causing confusion, mistake, and deception among the general consuming public and members of the trade as to the origin and quality of Plaintiff's and Defendant's goods and services.

32. Upon information and belief, Defendant SHRM's unlawful activities are intended to capitalize on the goodwill and reputation of Plaintiff Compdata Surveys, which Plaintiff has expended substantial time, resources and effort to acquire.

33. Defendant SHRM's unlawful activities undermine, dilute and otherwise prejudice and tarnish Plaintiff Compdata Surveys's reputation by exploiting, without authorization, the goodwill associated with Plaintiff's mark, on which Plaintiff has expended substantial time, resources and effort.

34. By reason of Defendant's intentional and willful infringement of Plaintiff's service mark rights, Plaintiff has been and will continue to be irreparably damaged and harmed unless Defendant is preliminarily and permanently enjoined from its unlawful conduct.

35. Plaintiff has no adequate remedy at law.

## COUNT IV

### Common Law Unfair Competition

36. Plaintiff incorporates the allegations set froth in Paragraphs 1 - 18 above.

38. This action is for unlawful appropriation of Plaintiff's exclusive rights in COMPDATA SURVEYS and COMPENSATION DATA and is against Defendant based on the

unauthorized promotion, advertisement, distribution, sale and/or offering for sale of goods and/or services bearing designations which are identical or virtually identical to Plaintiff's marks.

39. Defendant's wrongful activities or unauthorized use of such designations, in attempting to pass off its goods and services as if they are Plaintiff's goods and services in a manner calculated to deceive members of the trade and the general consuming public, are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Plaintiff's and Defendant's goods and services.

40. Defendant's wrongful acts of unauthorized use have and will continue to cause Plaintiff substantial injury including loss of customers, dilution of its reputation, dilution of its goodwill, confusion of existing and potential customers, loss of its reputation, and diminution of its intellectual property. The harm these wrongful acts cause to Plaintiff is both imminent and irreparable, and the amount of damage sustained by Plaintiff will grow ever more difficult to ascertain if these acts continue.

41. As a result of the above described wrongful activities of unfair competition by Defendant, Plaintiff has suffered, and will continue to suffer, irreparable injury and substantial damages, and Defendant has been unjustly enriched.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff Compdata Surveys prays for an order and judgment against Defendant SHRM:

A. Providing that Defendant SHRM, its agents, employees and all others acting in concert or participation with it, be preliminarily and permanently enjoined from:

(i) Using the designations COMPDATA, COMPDATA SURVEYS, COMPENSATION DATA, or any other term(s) or designation(s) that incorporates the

aforementioned terms in a confusingly similar manner, or any colorable imitation thereof or designations similar thereto, in connection with the offering, sale or promotion of competitive goods or services; and

(ii) Committing any other act calculated or likely to cause the public or trade to believe that Defendant SHRM or its business is in any manner connected, licensed, sponsored, affiliated or associated with plaintiff Compdata Surveys, or the business of Compdata Surveys, or from otherwise competing unfairly with Plaintiff Compdata Surveys; and

(iii) Using the designations COMPDATA, COMPDATA SURVEYS, COMPENSATION DATA or any colorable imitation thereof in any manner in the conduct of business on an Internet website, including, but not limited to an email address.

B. Ordering the impounding of all of Defendant's advertising and promotional material to the extent that it contains any reference to Plaintiff's marks, including all means of producing copies of advertising or promotional material that infringes Plaintiff's rights;

C. Order that all signage, printed material, advertisements and other materials which bear the Plaintiff's marks, or which if used would violate the injunction herein requested, in the possession, custody or control of Defendant, be delivered up to Plaintiff for destruction;

D. Providing that Defendant SHRM account to Plaintiff Compdata Surveys for all profits derived from Defendant SHRM's wrongful acts of infringement, and order such profits to be paid to Plaintiff, and award damages and costs sustained by Plaintiff Compdata Surveys, with appropriate interest, pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117, with such monetary award trebled;

E. Awarding to Plaintiff its reasonable attorneys' fees and such other compensatory damages as this Court may determine to be fair and appropriate pursuant to 15 U.S.C. §1117(a);

F.  Awarding to plaintiff three times the amount of Defendant's profits or Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. §1117(b); and

G.  Granting such other and further relief as this court deems proper and necessary.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Kansas as the place of trial for all matters related to this Complaint.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

Respectfully submitted,

SONNENSCHEIN NATH & ROSENTHAL LLP

By: _____
Brian R. McGinley, KS#19152
4520 Main Suite, Suite 1100
Kansas City, MO 64111
Phone: (816) 460-2605
Fax:     (816) 531-7545

ATTORNEYS FOR PLAINTIFF.

16 April 2009

State of Kansas                )
                               ) SS
County of Johnson              )

## VERIFICATION

Theresa M. Worman, being first duly sworn, states on oath that she is the Vice President of Business Development of Dolan Technologies Corporation d.b.a. Compdata Surveys; that she has read the contents of the Complaint; and that the matters contained therein are true to the best of her knowledge, information and belief, and that matters alleged on information and belief are believed to be true.

*/s/ Theresa M. Worman*

Subscribed and sworn to before me
this ___16___ day of ___April___, 2009.

*/s/ Joseph D. Serrano*
Notary Public

> JOSEPH D. SERRANO
> Notary Public, State of Kansas
> My Appointment Expires
> June 05, 2009